OPINION OF THE COURT
Joseph G. Fritsch, J.
Respondents move for an order pursuant to CPLR 3211 (subd [a], par 5) dismissing the petitioner’s petition for failure to timely commence this proceeding pursuant to article 7 of the Real Property Tax Law.
Pursuant to section 516 of the Real Property Tax Law, the respondents filed the final assessment roll in the office of the town clerk on August 1, 1981, and posted notice of the filing on the same date. In addition to the posted notice, notice was also published in the Livingston County Ledger on August 5, 1981.
The petitioner, who is the lessee of certain premises located in the Village of Geneseo, Livingston County, New York, wherein it operates a food franchise, and who has as one of its obligations under the lease the payment of real estate taxes, served the notice of application and petition protesting the final assessment on its premises more than 30 days after the last date to file the roll and the last date for publication of the notice of filing as provided for in section 516 of the Real Property Tax Law, and thus commenced this proceeding pursuant to article 7 of the Real *38 Property Tax Law beyond the statutory period of 30 days. It did so contending that it did not receive notice of respondents’ decision within the time frame of the statute and contending that notice was not received until it made an inquiry of respondents’ decision. It appears, however, that although petitioner did not receive it, the respondents did mail the notice pursuant to section 1524 of the Real Property Tax Law.
The issue before the court is whether the respondents had, in fact, given the . petitioner timely notice of its decision. An examination of section 1524 (subd 2, par [c]) of the Real Property Tax Law, as amended, states in substance that the board of assessment review mail to each complainant a notice of the board’s determination of complainant’s grievance on or before the date the board delivers to the assessor a verified statement showing the changes made to the assessment roll. This section makes no mention as to a requirement of showing proof of mailing or receipt of said notice.
The respondents complied with the statute and fulfilled the obligation to the petitioner under section 1524 of the Real Property Tax Law when it mailed the notice of the board’s determination. To hold that the notice must be received would add a requirement not included or intended by the Legislature, and would make the 30-day Statute of Limitations under article 7 (§702, subd 2) of the Real Property Tax Law a nullity.
Respondents’ motion is granted and the proceeding is dismissed.